1 | **SEYFARTH SHAW LLP**
Michael J. Burns (SBN 172614)
2 | mburns@seyfarth.com
Claire Chang (SBN 319706)
3 | cchang@seyfarth.com
560 Mission Street, Suite 3100
4 | San Francisco, California 94105
Telephone: (415) 397-2823
5 | Facsimile: (415) 397-8549
Attorneys for Defendant
6 | MOTIVATE, LLC

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11

12 | FLOUZEL PANINGBATAN, an individual, ) Case No.
)
13 | Plaintiff, ) **DEFENDANT MOTIVATE, LLC'S NOTICE**
) **OF REMOVAL OF CIVIL ACTION TO**
14 | v. ) **UNITED STATES DISTRICT COURT**
) **PURSUANT TO DIVERSITY OF**
15 | MOTIVATE, LLC, a Delaware limited liability ) **CITIZENSHIP JURISDICTION**
company; BLUECREW, INC., a Delaware )
16 | corporation, and DOES 1 through 25, inclusive; ) *[Concurrently filed with Civil Case Cover Sheet;*
) *Declaration of Michael Burns in support thereof;*
17 | Defendant. ) *Declaration of Valerie Schrik in support thereof;*
) *Declaration of Jackie Bueno in support thereof;*
18 | ) *Defendant's Corporate Disclosures; Defendant's*
) *Notice of Interested Entities]*
19 | )
)
20 | ) Alameda County Superior Court
) Case No. RG20063616
21 | )
) Complaint Filed:    June 8, 2020
22 | ) Complaint Served:  June 17, 2020

23

24

25

26

27

28

NOTICE OF REMOVAL

# TABLE OF CONTENTS

**Page**

I.      PLEADINGS, PROCESSES AND ORDER ................................................................. 1

II.     TIMELINESS OF REMOVAL ............................................................................ 2

III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ....................................... 3

      **A.**      **Plaintiff is a Citizen of California** ................................................. 3

      **B.**      **Defendant Motivate LLC Is Not a Citizen of California** ........................... 4

      **C.**      **Defendant BlueCrew, Inc. Is Not A Citizen of California** ........................... 7

IV.     AMOUNT IN CONTROVERSY ........................................................................ 7

      **A.**      **Compensatory Damages** ................................................................. 9

      **B.**      **Emotional Distress Damages** ............................................................ 10

      **C.**      **Plaintiff's California Labor Code/Wage and Hour Claims** ......................... 11

      **D.**      **Attorney's Fees and Costs** .............................................................. 14

      **E.**      **Punitive Damages** ....................................................................... 14

V.      VENUE ................................................................................................... 15

VI.     NOTICE OF REMOVAL ................................................................................ 15

VII.    PRAYER FOR REMOVAL ............................................................................ 16

64895553v.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aboulafia v. GACN Inc.*,
  2013 WL 8115991 (Los Angeles Sup. Ct.)..............................................................10

*Aboulafia v. GACN Inc.*,
  2013 WL 811991 (Los Angeles Sup. Ct.)................................................................9

*Beard v. Los Angeles Cnty. Law Library*,
  2009 WL 250543 (Los Angeles Sup. Ct.)..............................................................10

*Bisharat v. Los Angeles Unified Sch. Dist.*,
  2013 WL 1415554 (Los Angeles Sup. Ct.)..............................................................9

*Carden v. Arkoma Assocs.*,
  494 US 185, 110 S.Ct. 1015 (1990).......................................................................5

*Chamness v. Stonebridge Life Ins. Co.*,
  Case No. CV09-0780 AHM, 2009 WL 734137 (C.D. Cal. Mar. 18, 2008).........................3

*Chavez v. JP Morgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ..............................................................................8

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
  428 F.3d 206 (5th Cir. 2005) ..............................................................................2

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) .......................................................................8

*Crawford v. DIRECTV, Inc.*,
  2010 WL 5383296 (Los Angeles County Sup. Ct.) ..................................................14

*Davenport v. Mut. Benefit Health & Accident Ass'n*,
  325 F.2d 785 (9th Cir. 1963) ..........................................................................8, 14

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ............................................................................4

*Davis v. Robert Bosch Tool Corp.*,
  2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ...........................................14

*Demarest v. HSBC Bank USA, N.A.*,
  920 F.3d 1223 (9th Cir. 2019) ............................................................................6

*Denenberg v. Cal. Dep't of Transp.*,
  2006 WL 5305734 (San Diego County Sup. Ct.) ....................................................14

NOTICE OF REMOVAL

64895553v.1

*Dodd v. Haight Brown & Bonesteel LLP*,
   2010 WL 4845803 (Los Angeles Sup. Ct.)........................................................................10

*Galt G/S v. JSS Scandinavia*,
   142 F. 3d 1150 (9th Cir. 1998) .................................................................................8, 14

*Gaus v. Miles, Inc.*,
   980 F.2d 564 (9th Cir. 1992) ...........................................................................................8

*Grupo Dataflux v. Atlas Global Grp., LP*,
   541 US 567 (2004).............................................................................................................5

*The Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010)...............................................................................................4, 5, 7

*Johnson v. Columbia Properties Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006) ......................................................................................4, 5

*Jolly v. City of Long Beach*,
   2013 WL 3340512 (Los Angeles Sup. Ct.).....................................................................9

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) ...........................................................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) .........................................................................................3

*Kenny v. Wal-Mart Stores, Inc.*,
   881 F.3d 786 (9th Cir., Feb. 1, 2018) .............................................................................2

*Leimandt v. Mega RV Corp.*,
   2011 WL 2912831 (Orange County Sup. Ct.) ..............................................................11

*Malone v. Potter*,
   2009 WL 999514 (C.D. Cal.)..........................................................................................10

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999)...........................................................................................................2

*O'Connor v. UHS-Corona Inc.*,
   2011 WL 3606915 (Riverside Sup. Ct.) ........................................................................10

*Peacock v. Quest Diagnostics*,
   2010 WL 6806990 (C.D. Cal.)..................................................................................10, 11

*Roby v. McKesson Corp.*,
   47 Cal. 4th 686 (2009) ...................................................................................................14

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
   720 F.3d 1121 (9th Cir. 2013) .........................................................................................2

NOTICE OF REMOVAL

64895553v.1

*Sanchez v. Monumental Life Ins.*,
    102 F.3d 398 (9th Cir. 1996) ...................................................................7

*Signlin v. Carden Whittier Sch. Inc.*,
    2012 WL 1798892 (Los Angeles Sup. Ct.) ...............................................10

*Silverman v. Stuart F. Cooper Inc.*,
    2013 WL 5820140 (Los Angeles Sup. Ct.) ............................................9, 10

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) ...................................................................3

*Sun v. Transit Air Cargo, Inc.*,
    2012 WL 933613 (Orange County Sup. Ct.) ............................................10

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) .................................................................8

*Vanderheiden v. City of Alameda*,
    2011 WL 1562075 (Alameda County Sup. Ct.) ........................................10

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
    2013 WL 7852947 (Los Angeles Sup. Ct.) ............................................9, 10

*Ward v. Cadbury Schweppes Bottling Grp.*,
    2011 WL 7447633 (C.D. Cal) ...........................................................10, 11

*Welch v. Ivy Hill Corp.*,
    2011 WL 3293268 (Los Angeles Sup. Ct.) ..............................................11

*Ybarra v. Dacor Holding Inc.*,
    2010 WL 2404221 (L.A. County Sup. Ct.) ...............................................10

**Statutes**

28 U.S.C. section 1332(a) ....................................................................1, 8

28 U.S.C. section 1332(a)(1) ..............................................................3, 15

28 U.S.C. section 1332(c)(1) ..............................................................4, 7

28 U.S.C. section 1441(a) ........................................................................3

28 U.S.C. sections 1441(a), and 1446 .......................................................1

28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2) .....................................15

28 U.S.C. §§ 1446 ..................................................................................2

28 U.S.C section 1446(a) ........................................................................15

iv

64895553v.1

28 U.S.C. § 1446(b) ...................................................................................................2

28 U.S.C. § 1446(b)(2)(B) ..........................................................................................2

28 U.S.C. § 1446(b)(2)(C) ..........................................................................................2

28 U.S.C. section 1446(d) .........................................................................................15

Cal. Civ. Proc. Code § 415.10 ....................................................................................2

Cal. Lab. Code § 203(a) ............................................................................................12

Cal. Lab. Code § 210(a) ............................................................................................12

Cal. Lab. Code § 226(e) .......................................................................................11, 13

Cal. Lab. Code § 558(a) ............................................................................................13

Cal. Lab. Code § 1198.5 (h)(5)(k) .............................................................................12

California Labor Code §§ 201-204. .......................................................................12, 13

California Labor Code § 203 ......................................................................................12

California Labor Code §226. .................................................................................11, 13

California Labor Code §§ 226, 247.5, 432, and 1198.5 ...............................................12

California Labor Code § 2699 ....................................................................................12

Labor Code §§ 201, 202, 204 ....................................................................................13

Labor Code §§ 201, 202, 204, 226, 226.7, 512, 558 ...................................................12

Labor Code § 210 .....................................................................................................12

Labor Code § 226.7 ..................................................................................................13

Labor Code § 512 .....................................................................................................13

Labor Code §558 ......................................................................................................13

Labor Code § 1198.5 .................................................................................................12

**Other Authorities**

IWC Wage Order Nos. 4-2001, and 9-2001. ...............................................................12

NOTICE OF REMOVAL

64895553v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Motivate, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, asserting original jurisdiction under 28 U.S.C. section 1332(a) (Diversity Jurisdiction), and removal jurisdiction under 28 U.S.C. sections 1441(a), and 1446.  Defendant states that the removal is proper for the following reasons:

## I.     PLEADINGS, PROCESSES AND ORDER

1.     On **June 8, 2020**, Flouzel Paningbatan ("Plaintiff" or "Paningbatan") filed an unverified Complaint in the Superior Court of California, County of Alameda, entitled: FLOUZEL PANINGBATAN, an individual, v. MOTIVATE, LLC, a Delaware limited liability company; BLUECREW, INC., a Delaware Corporation, and DOES 1-25, inclusive; Case No. RG20063616 (the "Complaint").  A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Declaration of Michael J. Burns.

2.     The Complaint purports to allege eight (8) Causes of Action including:  (1) Wrongful Termination and Sex Based Discrimination; (2) Unlawful Retaliation; (3) Failure to Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Provide Accurate Wage Statements; (6) Failure to Pay Wage on Time, Waiting Time Penalties; (7) Failure to Provide Employment Records; and (8) Penalties under PAGA.

3.     On or about **June 18, 2020**,  Plaintiff served Motivate, LLC with the Complaint.  On or about **June 19, 2020**, Plaintiff served Blue Crew, Inc. with the Complaint.  Attached to the concurrently filed Declaration of Michael J. Burns as **Exhibit B** are true and correct copies of the (1) Summons; (2) Proof of Service of Summons; (3) the Civil Case Cover Sheet and Addendum; and (4) Notice of Case Assignment.

4.     On **July 20, 2020**, Defendant answered Plaintiff's unverified Complaint in the Superior Court of California, County of Alameda.  A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as **Exhibit C** to the Declaration of Michael J. Burns.

NOTICE OF REMOVAL

64895553v.1

5.      **Exhibits A-C** constitute all pleadings, processes and orders served on, or filed by, Defendant in this action.  (*See* Declaration of Michael J. Burns ("Burns Decl."), at ¶ 3.)

## II.      TIMELINESS OF REMOVAL

6.      The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); *accord Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("[w]e have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.'  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)).  Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

7.      The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

8.      Furthermore, each defendant has thirty (30) days after service to file a Notice of Removal.  28 U.S.C. § 1446(b)(2)(B).  Where Defendants are served at different times, the later-served defendant may remove, even if the earlier-served defendant did not remove.  28 U.S.C. § 1446(b)(2)(C).

9.      This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on June 18, 2020.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("[a] summons may be served by personal delivery of a copy of the summons and of the

64895553v.1

complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

### III.   JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

10.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

#### A.    Plaintiff is a Citizen of California

11.    "To establish citizenship for diversity purposes, a [natural] person must be both (1) a citizen of the United States, and (2) be domiciled in [one] state."  *Chamness v. Stonebridge Life Ins. Co.*, Case No. CV09-0780 AHM (JCx), 2009 WL 734137, at *1 (C.D. Cal. Mar. 18, 2008) (denying plaintiff's motion for remand because defendant's removal notice established complete diversity).

12.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is *prima facie* [evidence of] domicile").

13.    Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California.  The Complaint alleges that, "Plaintiff . . . is an individual who was employed by Defendants in San Francisco and Alameda Counties, California from approximately June 2019 to December 2019."  (*See* Ex. A, Compl., ¶¶ 1.)  Further, Plaintiff listed a California address, and maintained a California address on file for purposes of her personnel file, payroll checks, state payroll, and tax withholdings during the period of her employment with Defendant BlueCrew, Inc.  (*See* Declaration of Jackie Bueno (" Bueno Decl.") at ¶ 4.)  Defendants are informed and believe, and on that basis allege, that Plaintiff's last known address is in Northern California (the city of Richmond, California).  (*Id.*)  Additionally, in preparing this Notice of Removal, Defendant reviewed public records

1  for Plaintiff, which verify that Plaintiff currently resides in California and has continuously resided in

2  California for the past five years.  (*See* Burns Decl., ¶ 4, **Exhibit D**.)

3       14.    Accordingly, Plaintiff was at all relevant times, and still is, a citizen of the State of

4  California.

5       **B.**   **Defendant Motivate LLC Is Not a Citizen of California**

6       15.    Defendant Motivate LLC[1] is now, and was at the time of the filing of this action, a citizen

7  of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).  For diversity

8  purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated;

9  and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026,

10  1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).[2]

11       16.    The United States Supreme Court in *The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192

12  (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its

13  "nerve center":

14            We conclude that "principal place of business" is best read as referring to the
15            place where a corporation's officers direct, control, and coordinate the
             corporation's activities.  It is the place that Courts of Appeals have called the
16            corporation's "nerve center."  **And in practice it should normally be the place
             where the corporation maintains its headquarters -- provided that the
             headquarters is the actual center of direction, control, and coordination, *i.e.*,
17            the "nerve center"** . . . *The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

18       17.    For diversity purposes, courts treat a limited liability company "like a partnership."

19  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

20       18.    "A [ ] partnership or a corporation is a citizen of (1) the state under whose laws it is

21  organized or incorporated; and (2) the state of its 'principal place of business.'"  *Davis v. HSBC Bank

22  Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

23       19.    Moreover, unincorporated associations such as limited liability companies and

24  partnerships are also treated as "a citizen of every state of which its owners/members are citizens."

25

26

---

27  [1]    Defendant Motivate LLC did not employ Plaintiff and makes these statements based on the
allegations contained in the Complaint.  Defendant denies that is liable to Plaintiff for the claims alleged
28  in the Complaint.

4

64895553v.1

1   *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004)

2   (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

3        20.     In this case, Motivate LLC is now, and ever since the commencement of this action has

4   been, a limited liability company, organized under the laws of the State of Delaware with its principal

5   place of business in New York.  (*See* Declaration of Valerie Schrik (" Schrik Decl.") at ¶ 6.)

6   Specifically, Motivate LLC's corporate headquarters are located in New York City, New York, and the

7   majority of its executive and administrative functions take place in New York.  (*Id.*)  This includes final

8   decision-making and oversight of the following operations and divisions: financial, legal, marketing, tax,

9   benefits, information technology, human resources, and the general operations of Motivate LLC's

10  business.  (*Id.*)  Motivate LLC's policies and procedures in connection with these operations and

11  divisions are primarily formulated in New York.  (*Id.*)  Many of Motivate LLC's high-level executives

12  maintain their offices in New York City.  (*Id.*)  In sum, although Motivate LLC may conduct activities

13  to varying degrees in California, the bulk of its corporate activity is centered in New York; it is the

14  location of the majority of the Motivate LLC's administrative managerial activities, and the primary,

15  permanent base of its operations.  (*Id.*)  Accordingly, Motivate LLC's principal place of business is New

16  York City, New York under the "nerve center" test.  *See Hertz Corp., supra*, 559 U.S. at 92-93.

17        21.     Even if this Court were to consider the citizenship of Motivate LLC's members, it is still

18  not a citizen of California because, **none** of its members are a citizen of the State of California.  The sole

19  member of Motivate LLC is Motivate Holdings LLC.  (Schrik Decl.,¶ 7.)

20        22.     Motivate Holdings LLC is, and at the time of the commencement of this action was, a

21  limited liability company formed under the laws of the State of Delaware, with its headquarters and

22  principal place of business in New York.  (Schrik Decl., ¶ 7.) The individual "members" of Motivate

23  Holdings LLC include: (1) Yukon Holdings, LLC; (2) 711 Bikeshare Holdings LLC; (3) Beachbox

24  Holdings II, LLC; (4) Nantucket Holdings I, LLC; (5) Liatroma, LLC; (6) Harvey Spevak 2017

25  Revocable Trust; (7) Richard L. O'Toole; (8) Joanna Rose; (9) Michael Brenner; and (10) Kenneth

26  Wong. (*Id.*)

27

28

64895553v.1

23.    Yukon Holdings, LLC, is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York.  (Schrik Decl.,¶ 9.)

24.    711 Bikeshare Holdings LLC, is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York.  (*Id.* at¶ 10.)

25.    Beachbox Holdings II, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York.  (*Id.* at ¶ 11.)

26.    Nantucket Holdings I, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York.  (*Id.* at ¶ 12.)

27.    Liatroma, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of Delaware, with its headquarters and principal place of business in the State of New York.  (*Id.* at ¶ 13.)

The citizenship of a traditional trust is based solely on the citizenship of the trustee.  *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1231 (9th Cir. 2019) (*citing GBForefront Mgmt. Grp. LLC*, 888 F.3d 29 (3rd Cir. 2018)).

28.    The trustee of  Harvey Spevak 2017 Revocable Trust is Perspecta Trust, a resident of the State of New York, and at all times since the commencement of this action has been, a resident of the State of New York.  (Schrik Decl.,¶ 14.)

29.    Richard L. O'Toole, an individual member of Motivate Holdings LLC is, and at all times since the commencement of this action has been, a resident of the State of New York.  (*Id.* at ¶ 15.)

30.    Joanna Rose, an individual member of Motivate Holdings LLC is, and at all times since the commencement of this action has been, a resident of the State of New York.  (*Id.* at ¶ 16.)

31.    Michael Brenner, an individual member of Motivate Holdings LLC is, and at all times since the commencement of this action has been, a resident of the State of New York.  (*Id.* at ¶ 17.)

NOTICE OF REMOVAL

64895553v.1

32.     Kenneth Wong, an individual member of Motivate Holdings LLC is, and at all times since the commencement of this action has been, a resident of the State of New York.  (*Id.* at ¶ 18.)

33.     Thus, none of Motivate LLC's  members are citizens of California, and there is diversity between Motivate LLC and Plaintiff.

### C.   Defendant BlueCrew, Inc. Is Not A Citizen of California

34.     BlueCrew, Inc. is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1).

35.     BlueCrew, Inc. is now, and ever since the commencement of this action has been, a corporation organized under the laws of the State of Delaware, with its principal place of business in Illinois because its "nerve center" is located in Illinois.  (Bueno Decl., ¶ 2-3.)

36.      Specifically, BlueCrew, Inc.'s corporate headquarters are located in Chicago, Illinois, and the majority of its executive and administrative functions take place in Illinois.  (*Id.* at ¶ 3.)  This includes final decision-making and oversight of the following operations and divisions: finance and accounting, human resources, compliance, communications, public relations, marketing, strategy, legal, support management (procurement), and maintenance of corporate records.  (*Id.*)  Many of BlueCrew, Inc.'s high-level executives maintain their offices in Illinois.  (*Id.*)  In sum, although BlueCrew, Inc. may conduct activities to varying degrees in California, the bulk of its corporate activity is centered in Illinois; it is the location of the majority of the BlueCrew, Inc.'s executive and  administrative managerial activities, and the primary, permanent base of its operations.  (*Id.*)  Accordingly, BlueCrew, Inc.'s principal place of business is Chicago, Illinois under the "nerve center" test.  *See Hertz Corp., supra*, 559 U.S. at 92-93.

37.     Therefore, for purposes of diversity of citizenship, BlueCrew, Inc. is a citizen of Illinois, and not a citizen of California.

38.     Blue Crew, Inc. also filed a joinder to this removal.  (*see Defendant Bluecrew, Inc.'s Joinder Of Defendant Motivate, LLC's Notice Of Removal Of Action*)

## IV.   AMOUNT IN CONTROVERSY

39.     While Defendant denies any liability as to Plaintiff's claims (and denies employing Plaintiff), the amount in controversy requirement is satisfied because "it is more likely than not" that the

7

64895553v.1

amount exceeds the jurisdictional minimum of $75,000.  *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-04 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal quotations and citations omitted).

40.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).  When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

41.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

42.     Further, in determining the amount in controversy at the time of removal, the Court is not limited to the amount of damages incurred as of the time of removal, but may look forward in time to damages that can be recovered in the future.  *Chavez v. JP Morgan Chase & Co.,* 888 F.3d 413, 417-18 (9th Cir. 2018) ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. In sum, the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails.").

43.     Here, considered together, the general and special damages sought by Plaintiff, the penalties under the California Labor Code, along with the attorneys' fees and punitive damages that

64895553v.1

1 might be awarded if Plaintiff prevails, establishes by a preponderance of the evidence that the amount in

2 controversy exceeds $75,000., exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

3   **A.** **Compensatory Damages**

4   44. Plaintiff alleges she was employed by Defendants from approximately June 2019 until

5 December 24, 2019.  (Ex. A, Compl., ¶ 12.)  As a result of her alleged wrongful

6 termination/discrimination and retaliation, Plaintiff alleges that she has suffered and will continue to

7 suffer "a loss of wages and other employment benefits, a loss of future earning capacity, a loss of

8 emotional tranquility, a loss of enjoyment of life, a loss or reputation . . ."  (Ex. A, Compl., ¶¶27, 32.)

9   45. At the time of her termination, Plaintiff was a non-exempt employee of BlueCrew, Inc.

10 (Bueno Decl. ¶ 4-5).  Throughout her employment with BlueCrew, Inc., Plaintiff made between $15.59

11 and $21.00 an hour.  (*Id.* at ¶ 5).  Therefore, Plaintiff's average hourly rate would be $18.295

12 (($15.59+$21)/2).  Given that Plaintiff alleges she was wrongfully terminated in December 2019,  she

13 has already incurred at least lost compensation totaling $24,149.4 ($ 731.8 per week ($18.295 average

14 hourly rate x 40 hours per week) x 33 weeks (December 2019 through July 20, 2020)).

15   46. Assuming this matter goes to trial one year after its June 8, 2020 filing, and Plaintiff

16 remains unemployed for a total of 46 weeks (July 20, 2020 to June 8, 2021), Plaintiff's lost income

17 would equal an additional $33,662.8 ($731.8 per week x 46 weeks (July 20, 2020 to June 8, 2021)).

18   47. Additionally, should Plaintiff prevail at trial, it is more likely than not that she would

19 recover over $75,000.00 in damages as there have been, in recent years, several verdicts in similar

20 discrimination and wrongful termination cases entered in favor of plaintiffs in California where the

21 awarded damages exceeded $75,000.  *See Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL

22 7852947 (Los Angeles Sup. Ct.) (award of $1,904,635 to employee for disability discrimination action);

23 *Aboulafia v. GACN Inc.,* 2013 WL 811991 (Los Angeles Sup. Ct.) (award of $1,361,756, $1,447,634,

24 $1,503,074, and $1,368,266 to four employees for their discrimination claims); *Silverman v. Stuart F.*

25 *Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury verdict of $325,223 awarded to employee

26 in discrimination action); *Bisharat v. Los Angeles Unified Sch. Dist.*, 2013 WL 1415554 (Los Angeles

27 Sup. Ct.) ($473,750 jury verdict awarded to employee alleging discrimination, failure to prevent

28 discrimination, failure to accommodate, failure to engage in the interactive process, and constructive

9

discharge); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Signlin v. Carden Whittier Sch. Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) (jury award of $323,985 to employee who was wrongfully terminated in retaliation for taking medical leave in violation of the CFRA);  *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in discrimination action); *O'Connor v. UHS-Corona Inc.*, 2011 WL 3606915 (Riverside Sup. Ct.) (jury verdict awarding $1,630,334 to employee who brought action against employer for retaliation in violation of the CFRA); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award of $17,899,400 to six employees in an alleged discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,639 to employee in discriminatory termination in violation of the CFRA); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (Los Angeles Sup. Ct.) (jury verdict awarding employee $410,520 in disability discrimination action); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2009 WL 999514 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Beard v. Los Angeles Cnty. Law Library*, 2009 WL 250543 (Los Angeles Sup. Ct.) (award of $146,000 to employee who was wrongfully terminated based upon her age and race).

48.     Plaintiff's allegations that she was discriminated against and discharged because of her sex and retaliated against because of her purported protected activity are factually similar to the issues in these cases.  Defendant has attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

## B.   Emotional Distress Damages

49.     Plaintiff also claims damages for emotional distress.  (Ex. A, Compl., ¶¶ 27, 32.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.  *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case);

10

64895553v.1

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (jury award of $150,000 in non-economic loss to employee in action for discrimination action).

50.     Plaintiff's allegations of emotional distress are similar to the issues raised in these cases. Defendant has attached these verdicts as **Exhibit F** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

## C.   <u>Plaintiff's California Labor Code/Wage and Hour Claims</u>

51.     **Claim for Meal Period Violation**s. Plaintiff alleges that "[t]hroughout her employment," she "often worked" without being provided a 30-minute, uninterrupted, off duty meal period. (Ex. A, Compl., ¶¶ 13, 34.)  And she was owed one additional hour of pay for each denied meal period.  (*Id.* at ¶¶13, 35, 36).  Assuming Plaintiff missed three (3) meal periods per week, the money owed for the alleged denial of meal periods over a seven (7) month period from June 2019 to December 2019 would therefore amount to $1,536.78 ($18.295 average hourly wage rate x 3 x 28 weeks).

52.     **Claim for Rest Period Violations**. Plaintiff alleges that "[t]hroughout her employment," she "often worked" without being authorized or permitted to take a paid rest period. (Ex. A, Compl., ¶¶ 13, 39.)  And she was owed one additional hour of pay for each denied rest period.  (*Id.* at ¶¶13, 40, 41.)  Assuming Plaintiff missed three (3) rest periods per week, the money owed for the alleged denial of rest periods would therefore amount to $ 1,536.78 ($18.295 average hourly rate x 3 x 28 weeks).

53.     **Claim for Inaccurate Wage Statements**.  Plaintiff further alleges that Defendants "failed to furnish Plaintiff with an accurate itemized statement" in violation of California Labor Code §226.  (Ex. A, Compl., ¶¶21, 44-46.)  That Defendants should be ordered to pay civil penalties under

section § 226.  (*Id.* at Prayer for Relief, ¶ 2.)  The penalty authorized under Section § 226(e) is $50 for the initial violation, and $100 for each subsequent violation, up to a maximum penalty of $4,000.  Cal. Lab. Code § 226(e).  Because Plaintiff was paid biweekly over a seven (7) month period, there would be 14 potential violations.  Thus, potential penalty recoverable by Plaintiff is $1,350 (1 x $50 + 13 x $100).

54.    **Claim for Failure to Pay Wages During Employment**.  Plaintiff alleges that Defendants failed to pay her wages at the time they were due and upon her termination from employment, in violation of California Labor Code §§ 201-204.  (Ex. A, Compl., ¶¶ 21, 48, 49, Prayer for Relief, ¶ 2.)  Labor Code § 210 permits a penalty of $100 for any initial violation, and $200 for each subsequent violation, plus 25% of the amount unlawfully withheld.  Cal. Lab. Code § 210(a).  Assuming one § 204 violation per pay period, the penalty Plaintiff seeks on this claim is $2,700 (1 x $100 + 13 x $200).

55.    **Claim for Waiting Time Penalties.**  Additionally, Plaintiff alleges Defendants failed to pay her wages due at termination and she is entitled to a waiting time penalty for not receiving wages at time of her termination.  Under California Labor Code § 203, waiting time penalty is an amount equal to the employee's daily rate of pay for each day the wages remain unpaid, up to a maximum of 30 calendar days.  Cal. Lab. Code § 203(a).  Assuming a potential exposure of 30 days (240 hours), the amount of waiting penalties at issue is $4,390.8 ($18.295 x 240 hours).

56.    **Claim for Failure to Provide Employment Records**.  Plaintiff alleges that Defendants failed to provide her employment records for inspection in violation of California Labor Code §§ 226, 247.5, 432, and 1198.5.  (Ex. A., Compl., ¶51.)  Under Labor Code § 1198.5, the potential penalty for an employer's failure to provide employment records at the request of an employee is $750.  Cal. Lab. Code § 1198.5 (h)(5)(k).

57.    **Claim for Penalties Under PAGA**.  Finally, Plaintiff alleges that she is entitled to "recover civil penalties" on behalf of herself and all other "aggrieved employees" for Defendants' alleged violations of Labor Code §§ 201, 202, 204, 226, 226.7, 512, 558, and IWC Wage Order Nos. 4-2001, and 9-2001.  (Ex. A., Compl., ¶¶ 21,53-62, Prayer for Relief, ¶ 2.)  For those specified Labor Code provisions in which a civil penalty is not specifically provided, PAGA allows for penalties of $100.00 for initial violation in a pay period and $200.00 per pay period for each later violation, with a

one-year limitations period.  Cal. Lab. Code § 2699.  Of the penalties recoverable under PAGA, 25% of the penalties would go to Plaintiff while the remaining 75% would be distributed to the state Labor Workforce Development Agency.  *Id.*

58.     Defendants have approximately 16 pay periods between December 2019 and July 20, 2020 (i.e., the time of removal).  The amount of controversy pertains to Plaintiff herself on the PAGA claim would therefore be calculated as follows:

59.     **(a) Labor Code §§ 201, 202, 204.**  Plaintiff sought PAGA penalties for violations of Labor Codes §§ 201 (wages due upon discharge/layoff), 202 (wages due upon resignation), 204 (wages due upon earned).  (Ex. A., Compl., ¶¶21, 53-62, p.10 at ¶ 2.)  Since these provisions themselves do not provide for penalty, the PAGA penalty Plaintiff is entitled to recover for each violation is $3,100 (1 x $100 + 15 x $200), and the amount she seeks for three violations would be $9,300.

60.     **(b) Labor Code § 226**.  As to claim for alleged inadequate wage statements, California Labor Code § 226 permits penalty of $50 for initial violation and $100 for each subsequent violation, with a cap of $4,000.  Cal. Lab. Code § 226 (e).  Plaintiff is thus entitled to a penalty of $1,550 (1 x $50 + 15 x $100).

61.     **(c) Labor Code § 226.7**.  Plaintiff alleges violations of California Labor Code § 226.7 for missed meal periods and rest periods. (Ex. A., Compl., ¶¶21, 34-36, 39-41, 53-62, Prayer for Relief, ¶ 2.)  As the labor code does not provide for penalty, Plaintiff may recover under PAGA civil penalties of $6,200 for two violations ((1 x $100 + 15 x $200) x 2).

62.     **(d) Labor Code § 512.**  Plaintiff alleges meal period violation under California Labor Code § 512.  (Ex. A., Compl., ¶¶21,34-36, 53-62, Prayer for Relief, ¶ 2.)  As the labor code does not provide for penalty, Plaintiff is entitled to a PAGA penalty of $3,100 (1 x $100 + 15 x $200).

63.     (e) **Labor Code §558.**  Plaintiff alleges she was underpaid wages for each missed meal period and rest period under California Labor Code § 558. (Ex. A., Compl., ¶¶21, 34-36, 39-41, 53-62, Prayer for Relief, ¶ 2.) The penalty authorized under the Code is $50 for initial violation and $100 for each subsequent violation for each pay period the employee is underpaid.  Cal. Lab. Code § 558(a) .  Since Plaintiff is alleging two violations, she is entitled to recover penalties of $3,100 ((1 x $50 + 15 x $100) x 2) under PAGA.

13

64.    Accordingly, the total amount of PAGA penalties potentially recoverable by Plaintiff on her own behalf is $ 5,812.5 ($9,300 + $1,500 + 6,200 + $3,100 + $3,100 =$23,250 x 25%= $5812.5).

65.    The total potential liability for Plaintiff's wage and hour claims is $ 18,076.86 ($1,536.78 + $ 1,536.78 + $1,350 + $2,700 + $4,390.8 + $750= $12,264.36 for alleged Labor Code violations + $5,812.5 for alleged PAGA claims).

### D.    Attorney's Fees and Costs

66.    Plaintiff also claims that she is entitled to attorneys' fees and costs.  (See Ex. A, Compl., ¶¶ 62; Prayer For Relief, ¶ 3.)  Attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

67.    Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving employment-related claims.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims).  Defendant have attached these verdicts as **Exhibit G** to the concurrently filed Declaration of Michael J. Burns for the Court's review.

68.    Defendants anticipate depositions being taken in this case, and that ultimately, Defendant will file a Motion for Summary Judgment.  Based on defense counsel's experience, attorneys' fees in employment discrimination and wrongful termination cases often exceed $75,000.  In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial.  (Burns Decl., ¶ 6.)

### E.    Punitive Damages

69.    Finally, the Court must also consider Plaintiff's apparent request for punitive damages in determining the amount in controversy.  *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). (See Ex. A, Compl., ¶¶ 26, 27, 31, 32; Prayer for Relief, ¶ 1.)

14

70.     Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases.  *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009).

71.     Based upon the allegations contained in the Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court.

72.     Because diversity of citizenship exists between Plaintiff and all Defendants, and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## V.     VENUE

73.     Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(2).  This action originally as brought in the Superior Court of the State of California, County of Alameda, which is located within the Northern District of the State of California.  (*See* Ex. A, Compl.)

## VI.     NOTICE OF REMOVAL

74.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Alameda, in the State Court Action.

75.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

76.     In compliance with 28 U.S.C section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A through C to the concurrently filed Declaration of Michael J. Burns.

64895553v.1

1

## VII.   PRAYER FOR REMOVAL

2

     77.    WHEREFORE, Defendant pray that this civil action be removed from the Superior Court

3

of the State of California, County of Alameda, to the United States District Court for the Northern

4

District of California.

5

6

DATED:  July 20, 2020             SEYFARTH SHAW LLP

7

             By    /s/ Michael J. Burns
                Michael J. Burns

8

                Claire Y. Chang

9

                Attorneys for Defendant
                MOTIVATE, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

64895553v.1