1  SEYFARTH SHAW LLP
   Michael J. Burns (SBN 172614)
2  mburns@seyfarth.com
   Eric E. Hill (SBN 173247)
3  ehill@seyfarth.com
   Claire Chang (SBN 319706)
4  cchang@seyfarth.com
   560 Mission Street, 31st Floor
5  San Francisco, California 94105
   Telephone:    (415) 397-2823
6  Facsimile:    (415) 397-8549

7  Attorneys for Defendant
   MOTIVATE LLC
8

9                          **UNITED STATES DISTRICT COURT**

10
                           **NORTHERN DISTRICT OF CALIFORNIA**
11

12
   | FLOUZEL PANINGBATAN, an individual; | Case No. 4:20-cv-04865-YGR |
   |---|---|
   | Plaintiff, | **DEFENDANT MOTIVATE LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** |
   | v. | |
   | MOTIVATE, LLC, a Delaware limited liability company; BLUECREW, INC., a Delaware corporation; and DOES 1-25, inclusive; | [*Filed concurrently with Supporting Separate Statement, Declaration of Kim Springer, Declaration of Jackie Bueno, Declaration of Nathalie Hernandez, Declaration of Jake Diehl, Request for Judicial Notice, and [Proposed] Order*] |
   | Defendants. | Date:   May 17, 2022<br>Time:   2:00 p.m.<br>Judge:  Hon. Yvonne Gonzalez Rogers<br>Ctrm:   1, 4th Flr.<br>        1301 Clay Street<br>        Oakland, CA 94612 |

DEFENDANT MOTIVATE LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL BACKGROUND .................................................................................... 2

III. UNDISPUTED MATERIAL FACTS ................................................................................ 3

    A. Plaintiff's Employment at BlueCrew ..................................................................... 3

    B. Plaintiff's PAGA Claim ......................................................................................... 3

    C. The Court Approved the *Alvarado*/*Cho* Settlement on November 2, 2021, and Plaintiff Received Notice of the Settlement As A Member of the PAGA Representative Group .......... 4

        1. The *Alvarado* PAGA Action ..................................................................... 4

        2. The *Cho* PAGA Action ............................................................................. 4

        3. The Los Angeles Superior Court Approved The *Alvarado/Cho* Settlement on November 2, 2021 ............................................................ 5

        4. Plaintiff Received The Court-Approved Notice And A Settlement Check In The *Alvarado/Cho* Settlement ........................................................... 6

    D. Motivate And BlueCrew's Relationship and Responsibilities Regarding Wage and Hour Compliance as to BlueCrew Employees ...................................................... 6

IV. LEGAL STANDARD ........................................................................................................ 7

V. ARGUMENT ..................................................................................................................... 8

    A. Plaintiff's PAGA Claim Fails As A Matter Of Law Because It Was Released By The *Alvarado/Cho* Settlement ........................................................................ 8

        1. Plaintiff's PAGA Claim Is Entirely Encompassed By The *Alvarado/Cho* Settlement ........................................................................ 8

        2. Motivate Was A Released Party Under the *Alvarado/Cho* Settlement As A Joint Employer ............................................................................... 10

    B. Plaintiff's PAGA Claim Is Also Barred By *Res Judicata* or Claim Preclusion ..... 11

        1. The Claims/Causes of Action In The *Alvarado/Cho* Action And Plaintiff's PAGA Claim Are the Same ....................................................... 12

        2. The *Alvarado/Cho* Settlement Is A Final Judgment On The Merits ............................ 12

        3. BlueCrew And Motivate Are In Privity With Regard to Plaintiff's PAGA Claim ....... 13

VI. CONCLUSION ................................................................................................................ 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ..................................................................................................................7

*Emetoh v. FedEx Freight, Inc.*,
  2020 WL 6216763 (N.D. Cal. 2020) ......................................................................................11

*Kohler v. Islands Rests.*,
  280 F.R.D. 560 (S.D. Cal. 2012) ..............................................................................................7

*Mortley v. Express Pipe and Supply*,
  2019 WL 13030315 (C.D. 2019) ............................................................................................11

*Negrete v. ConAgra Foods, Inc.*,
  2021 WL 4202519 (C.D. Cal. 2021) .......................................................................................11

*Nicholas v. Uber Technologies, Inc.*,
  2020 WL 4039382 (N.D. Cal. 2020) ......................................................................................12

*O'Connor v. Uber Technologies, Inc.*
  201 F.Supp.3d 1110 (N.D. Cal. 2016) ...............................................................................8, 12

*Rangel v. PLS Check Cashers of California, Inc.*,
  899 F.3d 1106 (9th Cir. 2018) ................................................................................................12

*Raquedan v. Centerplate of Del. Inc.*,
  2018 WL 3368820 (N.D. Cal. July 10, 2018) ........................................................................11

*Rein v. Providian Fin. Corp.*,
  270 F. 3d 895 (9th Cir. 2001) .................................................................................................12

*Shwarz v. U.S.*,
  234 F.3d 428 (9th Cir. 2000) ....................................................................................................7

*Toolajian v. Air Methods Corporation*,
  2020 WL 8674094 (N.D. Cal. 2020) ......................................................................................11

**State Cases**

*Arias v. Super. Ct.*,
  46 Cal.4th 969 (2009) .........................................................................................................8, 12

*Boeken v. Philip Morris USA, Inc.*,
  48 Cal. 4th 788 (2010) ............................................................................................................12

*Cal Sierra Development, Inc. v. George Reed, Inc.*,
  14 Cal. App. 5th 663 (2017) ...................................................................................................13

*Castillo v. Glenair, Inc.*
  23 Cal. App. 5th 262 (2018) .......................................................................................10, 13, 14

*Eichman v. Fotomat Corp.*,
   147 Cal. App. 3d 1170 (1983) ..................................................................................................12

*Grande v. Eisenhower Medical Center*,
   44 Cal. App. 5th 1147 (2020) ...................................................................................................13

*Huff v. Securitas Security Services USA, Inc.*,
   23 Cal. App. 5th 745 (2018) ......................................................................................................9

*Nathanson v. Hecker*,
   99 Cal. App. 4th 1158 (2002) ..................................................................................................11

*Robinson v. Southern Counties Oil Company*,
   53 Cal. App. 5th 476 (2020) .........................................................................................8, 10, 11

*Williams v. Superior Court*,
   3 Cal. 5th 531 (2017) ...............................................................................................................10

**State Statutes**

Cal. Lab. Code § 2699(l)(1).............................................................................................................6, 13

Cal. Labor Code § 2699(a).....................................................................................................................9

Cal. Labor Code § 2699(l)(2).................................................................................................................8

Labor Code § 201-203 ...........................................................................................................................3

Labor Code §§ 201-204, 210 .................................................................................................................4

Labor Code § 204....................................................................................................................................3

Labor Code § 221....................................................................................................................................4

Labor Code § 223....................................................................................................................................4

Labor Code § 226................................................................................................................................3, 4

Labor Code § 226.7................................................................................................................................3

Labor Code § 510....................................................................................................................................4

Labor Code § 512....................................................................................................................................3

Labor Code § 1197..................................................................................................................................4

Labor Code § 1198..................................................................................................................................4

Labor Code § 2802..................................................................................................................................4

**Rules**

Fed. R. Civ. P. 56(a) ...............................................................................................................................7

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on May 17, 2022 at 2:00 p.m., or as soon thereafter as the parties may be heard in the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Yvonne Gonzalez Rogers in Courtroom 1, 4th Floor, Defendant Motivate LLC ("Motivate"), will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment against Plaintiff Flouzel Paningbatan ("Plaintiff") as to Plaintiff's Eighth Cause of Action for Violations of the California Labor Code Under the Private Attorneys Private Act ("PAGA").

Motivate requests that this Court issue an order granting Motivate summary judgment as to Plaintiff's PAGA Cause of Action.

The grounds for this Motion are as follows:

(1)     Plaintiff's PAGA claim is barred by the release in the Court-approved PAGA settlement in the case of *Alvarado/Cho v. BlueCrew*, *et al*.

(2)     Plaintiff's PAGA claim is barred under the doctrine of *res judicata*/claim preclusion.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of thereof, Supporting Separate Statement of Undisputed Material Facts, the Declaration of Kim Springer and exhibits thereto, the Declaration of Jackie Bueno and exhibits thereto, the Declaration of Nathalie Hernandez and exhibits thereto, the Declaration of Jake Diehl, the Request for Judicial Notice, and the accompanying [Proposed] Order, and upon such other and further oral and written materials as may be presented at or before the hearing on this Motion.

DATED: April 8, 2022                                  Respectfully submitted,

                                                      SEYFARTH SHAW LLP

                                                      By: _____
                                                          Michael J. Burns
                                                          Eric E. Hill
                                                          Claire Y. Chang

                                                          Attorneys for Defendant
                                                          MOTIVATE LLC

DEFENDANT MOTIVATE LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE
ALTERNATIVE PARTIAL SUMMARY JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Eighth Cause of Action under the California Private Attorneys' General Act ("PAGA") fails as a matter of law because Plaintiff is bound by a settlement release from two earlier-filed PAGA actions, *Alvarado v. BlueCrew and Lyft*, and *Cho v. BlueCrew Inc., et al*.

There is no dispute that Plaintiff was an employee of the staffing agency BlueCrew, Inc. ("BlueCrew"), and was assigned to work at Defendant Motivate LLC ("Motivate"). She brought her PAGA claim against BlueCrew and Motivate as joint employers, and recently dismissed her PAGA claim as to BlueCrew based on the *Alvarado/Cho* settlement.  Even though the terms of the *Alvarado/Cho* settlement clearly bar Plaintiff from pursuing her PAGA claim against Motivate as well, she has steadfastly refused to dismiss her PAGA claim as to Motivate, which necessitated this motion.

The undisputed facts show: (1) the *Alvarado/Cho* settlement and release fully encompass the PAGA claim alleged by Plaintiff; (2) Plaintiff was a member of the PAGA Representative Group in the *Alvarado/Cho* settlement, **received notice** of the Court-approved settlement, and **cashed her settlement check**; (3) the *Alvarado/Cho* settlement agreement released PAGA claims against BlueCrew Inc. **and** any "joint employer" of BlueCrew, which includes Defendant Motivate; and (4) the PAGA release period in *Alvarado/Cho* covers the entire time period Plaintiff worked for BlueCrew on assignment at Motivate. Thus, the *Alvarado/Cho* PAGA release is binding on Plaintiff and bars her PAGA cause of action against Motivate.

In addition, Plaintiff's PAGA claim is barred under the doctrine of *res judicata*/claim preclusion because the Court-approved *Alvarado/Cho* settlement is a final judgment on the merits, the claims/causes of action in *Alvarado/Cho* and this case are exactly the same, and BlueCrew and Motivate are in privity based on the subject matter of this lawsuit and their close relationship with respect to the payment of wages and compliance with the California Labor Code.

For these reasons and as set forth in detail below, Motivate is entitled to summary judgment on Plaintiff's PAGA claim as there is no genuine dispute as to any material fact and Motivate is entitled to judgment as a matter of law. Motivate respectfully requests that the Court grant the instant motion.

## II.  PROCEDURAL BACKGROUND

On June 8, 2020, Plaintiff filed a complaint against BlueCrew and Motivate in the Alameda County Superior Court. (Request for Judicial Notice ("RJN") ¶ 1 at Ex. A.) In the lawsuit, Plaintiff alleges claims for wrongful termination, sex-based discrimination, and unlawful retaliation against both defendants. (*Id*. at ¶¶24-32.) She also asserts a representative claim seeking civil penalties under PAGA for alleged violations of California Labor Code, including the failure to provide meal periods and rest periods, failure to pay meal and rest period premiums, failure to provide accurate wage statements, and failure to pay all wages on time during employment and at termination. (*Id*. at ¶¶ 13-17, 19-21, 33-49, 52-62.)

On July 21, 2020, Motivate removed Plaintiff's lawsuit to this Court. (Docket "Dkt." 1-3, 6.) On March 1, 2021, BlueCrew moved to compel arbitration based on the agreement Plaintiff entered into with BlueCrew, where Plaintiff agreed to arbitrate her individual claims and waive class claims. (Dkt. 30.) This Court granted BlueCrew's motion and stayed Plaintiff's PAGA claim against BlueCrew and Motivate on April 19, 2021. (Dkt. 42.)

On November 2, 2021, the Los Angeles County Superior Court approved a PAGA settlement in *Alvarado and Cho v. BlueCrew, Inc. and Lyft*, *Inc*. (the "*Alvarado/Cho* settlement").[1] (RJN, ¶ 2 at Ex. B.) As part of this settlement, PAGA claims for all BlueCrew employees who performed work in California, at any time between June 29, 2018 and November 2, 2021, were waived and released as against BlueCrew and any joint employers for their alleged violations of Labor Code provisions, including those related to failure to provide meal and rest periods, failure to pay wages due during and at separation of employment, failure to reimburse business expenses, and failure to issue accurate, itemized wage statements. (*Id.* at Ex. B, ¶¶ 1-2, 11, 13; Declaration of Jackie Bueno ("Bueno Dec."), ¶ 6, Ex. A at Ex. 1, ¶¶ 1-2, 11, 13.)

On November 10, 2021, the Parties filed a Joint Statement Regarding Status of Case, which informed the Court that the Parties had met and conferred regarding the *Alvarado/Cho* settlement agreement. (Dkt. 47). The Joint Statement stated "Plaintiff's counsel has informed Motivate LLC's counsel that if the *Alvarado* PAGA settlement is approved by the Los Angeles County Superior Court, Plaintiff will most likely dismiss her PAGA claims against both defendant BlueCrew and defendant

---

[1] The PAGA settlement consolidated two actions, *Wendy Alvarado v. BlueCrew Inc. and Lyft, Inc.* and *Raymond Cho v. BlueCrew, Inc., et al*, and settled all PAGA claims alleged in both actions. (RJN, ¶ 2, Ex. B; Bueno Dec., ¶ 6, Ex. A at Ex. 1, pp. 1, 8.)

Motivate LLC." (Dkt. 47). As a result of the *Alvarado/Cho* settlement, Plaintiff voluntarily agreed to dismiss her PAGA claim against BlueCrew on January 26, 2022. (Dkt. 51.) However, Plaintiff refused to dismiss her PAGA claim against Motivate. (*Id.*)

On February 28, 2022, this Court lifted the stay of Plaintiff's PAGA claim against Motivate for the limited purpose of allowing Motivate to file this motion. (Dkt. 56.)

## III. UNDISPUTED MATERIAL FACTS

### A. Plaintiff's Employment at BlueCrew

Plaintiff was employed by BlueCrew as a temporary employee from June 2019 to July 2020. (UMF 1.) During her employment with BlueCrew, Plaintiff was assigned to work on temporary assignments at Motivate as a bike mechanic. (UMF 2-3.) She first performed work in this capacity for Motivate on July 17, 2019, and her last assignment with Motivate ended on December 31, 2019. (UMF 2, 5-6.) During this period, Plaintiff worked out of Motivate's San Francisco and Emeryville locations. (UMF 4.) Motivate managers were responsible for directly supervising Plaintiff and the other BlueCrew employees assigned to work at Motivate. (UMF 40-41.)

### B. Plaintiff's PAGA Claim

Based on her work performed at Motivate, Plaintiff filed this action and asserts a PAGA claim against both BlueCrew and Motivate. (UMF 7-8.) Plaintiff seeks to represent "those employees of Defendants" "working in California (the 'Representative Group') at any time since February 27, 2019, and through the date of entry of final judgment in this matter (the 'Claim Period')." (UMF 10.) And she seeks to recover civil penalties based on the alleged California Labor Code violations for failure to provide meal and rest breaks (Labor Code § 226.7), failure to pay meal and rest break premiums (Labor Code § 226.7 and 512), failure to issue accurate itemized wage statements (Labor Code § 226), failure to pay all wages on time during employment (Labor Code § 204), and failure to pay all wages due at termination (Labor Code § 201-203). (UMF 9.)

In her Complaint, Plaintiff alleges that Motivate and BlueCrew jointly employed her, and they were each other's "agent or alter ego[.]" (UMF 12-13.) Throughout this litigation, Plaintiff has consistently maintained that BlueCrew and Motivate were her joint employers. (UMF 12-14.) Plaintiff also specifically alleges that *both* Defendants failed to provide her and other employees timely meal and rest periods, failed

to pay employees wages when they were due and upon termination, and failed to provide accurate, itemized wage statements. (UMF 11.)

### C. The Court Approved the *Alvarado/Cho* Settlement on November 2, 2021, and Plaintiff Received Notice of the Settlement As A Member of the PAGA Representative Group

#### 1. The *Alvarado* PAGA Action

On September 4, 2019, Wendy Alvarado, a former BlueCrew employee, filed a PAGA action against BlueCrew, Inc. and Lyft, Inc. on behalf of all allegedly aggrieved persons employed by BlueCrew in California. (UMF 15.) Plaintiff Alvarado sought PAGA penalties based on alleged violations of California Labor Code that resulted in the failure to provide meal and rest breaks, failure to pay for all hours worked, and failure to provide accurate itemized wage statements. (UMF 16.)

Specifically, Plaintiff Alvarado alleged that BlueCrew and Lyft violated: (1) Labor Code section 1197 for failure to pay minimum wages; (2) sections 510, 1198, and IWC Wage Orders for failure to pay overtime wages; (3) sections 226.7, 510, 512 and IWC Wage Orders for failure to pay meal and period premiums; (4) sections 201, 202, 204 for failure to timely pay wages upon discharge and during employment; (5) section 226 for failure to provide accurate wage statements; and (6) section 1174 for failure to keep accurate business records. (UMF 17.)

#### 2. The *Cho* PAGA Action

On October 25, 2019, Raymond Cho, a former BlueCrew employee, also filed a PAGA action against BlueCrew, Inc., BlueCrew, LLC, and Vensure Employer Services, Inc. (UMF 18.) Plaintiff Cho also alleged that BlueCrew and other defendants violated California Labor Code provisions, including those relating to the payment of overtime, the provision of accurate, itemized wage statements, and the payment of wages as applied to BlueCrew's non-exempt employees in California. (UMF 19.)

Specifically, Plaintiff Cho alleged that BlueCrew *et al.* violated the following: (1) Labor Code §§510, 1198, and IWC Wage Orders for failure to pay overtime; (2) Labor Code §§ 221, 223, and 1197 for unlawful deduction of wages; (3) Labor Code § 226 and applicable Wage Order for failure to provide accurate itemized wage statements; (4) Labor Code §§201-204, 210 for failure to pay all wages due during employment and at termination; (5) Labor Code § 2802 for failure to provide reimbursement of business expenses. (UMF 20.)

### 3. The Los Angeles Superior Court Approved The *Alvarado/Cho* Settlement on November 2, 2021

Plaintiffs Alvarado and Cho consolidated and settled their PAGA actions pursuant to a settlement agreement reached in September 2021. (UMF 21-22.) Paragraph 1 of the Agreement defines the "PAGA Representative Group" as "all individuals who…were employed as non-exempt employees by BlueCrew within the State of California who worked more than two weeks from June 29, 2018 through the date of approval of the settlement or who were assigned to provide services to Lyft, Inc. regardless of the number of workweeks worked." (UMF 23.)

Paragraph 13 of the Agreement defines the "PAGA Released Claims," released by the PAGA Representative Group, to include "any and all claims that were asserted in, arise from, or reasonably relate to the factual and legal assertions made in the" *Alvarado/Cho* Action. (UMF 25.) The "PAGA Released Claims" are further defined to include claims for Released Parties' alleged "failure to pay all wages due, provide minimum wages or pay for all hours worked, failure to pay overtime compensation, failure to provide meal and/or rest breaks, failure to pay proper meal or rest period penalties, failure to keep accurate time records, failure to provide accurate itemized wage statements,…and failure to timely pay wages due during or at separation of employment . . . ." (UMF 26.) In addition, the "PAGA Released Claims" include all claims arising under the related Labor Code and PAGA, and all claims arising under the related Wage Orders of the California Industrial Welfare Commission. (UMF 27.)

Paragraph 13 of the Agreement also states that "[u]pon approval," the PAGA Representative Group will be "forever barred" from pursuing against the Released Parties "any and all claims . . . alleged or that could have been alleged to have been violated in, or are reasonably related to the" *Alvarado/Cho* Action. (UMF 28.)  "Released Parties" under the Agreement is defined in Paragraph 11 as not only to include BlueCrew and its related entities, but "each of their past, present, and future agents . . . *joint employers* . . . .alter-egos, and affiliated organizations. . . ." (UMF 29.)  (emphasis added).

Paragraph 7 of the Agreement states that the Parties will "present the Settlement Agreement to the Court and will request that the Court issue a Court Approval Order and Judgment,…, approving and incorporating by reference the terms and conditions of the Settlement Agreement, dismissing the Action with prejudice, and entering judgment." (UMF 30.) On November 2, 2021, the Los Angeles Superior

Court entered a Notice of Entry of Order Approving PAGA Settlement Agreement in the *Alvarado/Cho* Action, pursuant to California Labor Code Section 2699(l)(1).[2] (UMF 31.)

### 4. Plaintiff Received The Court-Approved Notice And A Settlement Check In The *Alvarado/Cho* Settlement

Plaintiff was part of the PAGA Representative Group in the *Alvarado/Cho* settlement. (UMF 32.) She worked for BlueCrew from June 2019 to July 2020 (UMF 1), which was within the period covered by the *Alvarado/Cho* settlement. (UMF 23-24.) On February 22, 2022, the third-party settlement administrator of the *Alvarado/Cho* settlement, ILYM, mailed Plaintiff her personalized copy of the Notice of the *Alvarado/Cho* settlement. (UMF 33.) The Notice included a Court-approved description of the actions resolved, the terms of the settlement, and the claims and parties released by the settlement. (UMF 34.) The Notice sent to Plaintiff was never returned as undeliverable to ILYM, as of April 6, 2022. (UMF 35.)

In addition, pursuant to the terms of the settlement, ILYM also mailed Plaintiff a check for her PAGA settlement amount of $92.04 to her address on February 22, 2022, because Plaintiff was identified as a member of the PAGA Representative Group under the *Alvarado/Cho* settlement. (UMF 32, 36.) Plaintiff cashed the check on or around March 31, 2022. (UMF 37.)

### D. Motivate And BlueCrew's Relationship and Responsibilities Regarding Wage and Hour Compliance as to BlueCrew Employees

Motivate and BlueCrew entered into a Service Agreement that governed the relationship between the parties with respect to BlueCrew's provision of staffing services to Motivate. (UMF 38-39.) Based on the Service Agreement, both Motivate and BlueCrew were responsible for complying with federal, state, and local employment laws as to assigned BlueCrew employees. (UMF 42.)

BlueCrew employees clocked in and out using only the BlueCrew application on their personal devices or BlueCrew tablet available at Motivate's facilities. (UMF 43.) Since Motivate directly supervised assigned BlueCrew employees, Motivate managers made sure that BlueCrew employees who were scheduled to work actually showed up to work and performed work during their scheduled time.

---

[2] This Order includes a Stipulation and Order to File First Amended Complaint and Approve PAGA Settlement Agreement. (RJN, ¶ 2, Ex. B.)

(UMF 40-41, 44.) If an employee on the schedule did not show up, or clocked in but did not report to work or was seen only for a couple of hours, Motivate managers would review the employee's timesheets to confirm the employee was indeed scheduled to work and hours scheduled. (UMF 45.) This review would typically happen within a couple of hours after a shift started. (UMF 46.) If the employee was a no show, Motivate managers would communicate to BlueCrew to ensure the employee did not use BlueCrew's app or tablet to clock in for work. (UMF 47.) Similarly, if an employee only worked part of the scheduled hours, Motivate would alert BlueCrew so they could confirm on their end that the hours recorded reflect actual hours worked. (UMF 48.) In addition, if BlueCrew employees were not able to clock in using the BlueCrew app and tablet and notified Motivate, Motivate would contact BlueCrew and ask them to add hours for that employee for the day. (UMF 49.)

Under the Service Agreement, Motivate was responsible for ensuring that BlueCrew employees were provided meal and rest breaks in compliance with all state laws regarding the provision of meal and rest breaks. (UMF 50.) Motivate managers typically called out the lunch breaks and would walk through the depot to make sure BlueCrew employees were taking their meal breaks. (UMF 51.) Motivate managers also reminded BlueCrew employees to take rest breaks. (UMF 52.) Lastly, Motivate was obligated to not knowingly permit BlueCrew employees to perform any off the clock work. (UMF 53.)

## IV. LEGAL STANDARD

Summary judgment is called for when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of facts necessary to prove a claim for relief, but need not disprove the opposing party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party satisfies its burden, the party opposing the motion must "provide affidavits or other sources of evidence that set forth specific facts showing that there is a genuine issue for trial." *Shwarz v. U.S.*, 234 F.3d 428, 436 (9th Cir. 2000). If the nonmoving party fails to show a genuine issue of fact, "the moving party is entitled to judgment as a matter of law." *Celotex,* 477 U.S. at 323. Moreover, "Federal Rule of Civil Procedure Rule 56(a) provides for partial summary judgment. ('A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought.'). *Kohler v. Islands Rests.*, 280 F.R.D.

560, 564 (S.D. Cal. 2012) (citing *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002)).

## V. ARGUMENT

### A. Plaintiff's PAGA Claim Fails As A Matter Of Law Because It Was Released By The *Alvarado/Cho* Settlement

#### 1. Plaintiff's PAGA Claim Is Entirely Encompassed By The *Alvarado/Cho* Settlement

PAGA authorizes "aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations . . . ." *Arias v. Super. Ct.*, 46 Cal.4th 969, 980 (2009). The "employee plaintiff [therefore] represents the same legal right and interest as state labor law enforcement agencies." *Id*. at 986. Trial courts must "review and approve" any PAGA settlement. Cal. Labor Code § 2699(l)(2). In PAGA settlements, "with respect to the recovery of civil parties, *nonparty employees* as well as the government are bound by a judgment in the action brought under the act." *Arias*, 46 Cal.4th at 986 (emphasis added). There is no mechanism for employees to "opt out" of a PAGA settlement, as there is in class actions; even class members who opt out in class/PAGA actions are bound by the PAGA settlement. *O'Connor v. Uber Technologies, Inc.*, 201 F.Supp.3d 1110, 1133 (N.D. Cal. 2016). Because a PAGA action is an action on behalf of the State, PAGA settlements prohibit anyone in the PAGA Representative Group from bringing a subsequent PAGA claim based on the same alleged Labor Code violations. *Id* at 1119; *Robinson v. Southern Counties Oil Company*, 53 Cal. App. 5th 476, 482-483 (2020).

The undisputed facts show that Plaintiff is a member of the PAGA Representative Group under the *Alvarado/Cho* settlement, because she was a BlueCrew employee who performed services in California and worked more than two weeks from June 29, 2018 through the date of approval of the settlement, November 2, 2021. (UMF 1-2, 23-24, 31-33.) Accordingly, she received a PAGA settlement notice in *Alvarado/Cho* Action, and cashed her settlement check on or around March 31, 2022. (UMF 32-37.)

The predicate Labor Code violations asserted in Plaintiff's PAGA claim are fully covered by the released claims in the *Alvarado/Cho* settlement. (UMF 9-11, 25-29.) The undisputed facts also show that the PAGA claims released under the *Alvarado/Cho* settlement are any and all claims, "including claims for civil penalties relating to, based upon, or arising out of the Released Parties' alleged failure to pay all wages due, provide minimum wages or pay for all hours worked, failure to pay overtime compensation,

failure to provide meal and/or rest breaks, failure to pay proper meal or rest period penalties . . . failure to provide accurate itemized wage statements . . . and failure to timely pay wages due during or at separation of employment . . . ." (UMF 25-27, 28.) Because the predicate Labor Code violations alleged in Plaintiff's PAGA claim concern the exact same claims (an alleged failure to provide meal and rest breaks, failure to pay meal and rest break premiums, failure to issue accurate wage statements, and failure to pay all wages on time during employment, and failure to pay all wages due at termination) (UMF 9-11, 25-27), Plaintiff's PAGA claim was fully released in the *Alvarado/Cho* settlement and Plaintiff is barred from asserting her PAGA claim. The PAGA claims of all other BlueCrew employees who are part of the PAGA Representative Group in the *Alvarado/Cho* settlement have also been released.

To the extent Plaintiff argues she can still pursue her PAGA claim on behalf of Motivate's own direct employees, this argument fails. Plaintiff has no standing to pursue any PAGA claim because she was a BlueCrew employee and a member of the *Alvarado/Cho* PAGA Representative Group covered by the PAGA release in that settlement. (UMF 1, 23, 32-33.) The scope of that release covers the entirety of her PAGA claim in this action. (UMF 9-11, 25-27.)  She is therefore barred from pursuing any PAGA claim based on her employment at BlueCrew, as to any and all assignments she worked, including those at Motivate.

Moreover, the released PAGA period of June 29, 2018 to November 2, 2021 in *Alvarado/Cho* settlement covers the PAGA period in Plaintiff's claim, which runs from February 27, 2019. (UMF 10, 24, 31.)  To the extent Plaintiff argues she may pursue her PAGA claim for the period *after* the end of the *Alvarado/Cho* release period (i.e. from November 3, 2021 to the present) her claim fails because she has no standing to bring such a claim. Only an "aggrieved employee" has standing to assert a PAGA action. Cal. Labor Code § 2699(a). To be an "aggrieved employee," a plaintiff must have suffered at least one Labor Code violation during his or her employment. *Huff v. Securitas Security Services USA, Inc.*, 23 Cal. App. 5th 745, 751 (2018). Here, it is indisputable that Plaintiff never worked for BlueCrew or on assignment at Motivate after the end of the *Alvarado/Cho* release. (UMF 1-2, 5-6.) The last day she worked for BlueCrew was in July 2020, and the last day she performed services at Motivate was in December 2019. (*Id.*) As a result, she could not possibly have experienced any alleged Labor Code violations that have not already been released by the *Alvarado/Cho* settlement. As such, Plaintiff lacks

9

standing to assert a PAGA claim against Motivate for the period after the *Alvarado/Cho* settlement period. *Robinson*, 53 Cal. App. 5th at 483-485 (where an employee is no longer employed, he does not have standing to assert claims arising exclusively after he was so employed); *Williams v. Superior Court*, 3 Cal. 5th 531, 558 (2017) ("PAGA imposes a standing requirement; to bring an action, one must have suffered harm").

### 2. Motivate Was A Released Party Under the *Alvarado/Cho* Settlement As A Joint Employer

Here, the *Alvarado/Cho* settlement specifically includes "joint employers" of BlueCrew as released parties under the settlement. (UMF 29.) The undisputed facts are that Plaintiff was directly employed by BlueCrew, not Motivate. (UMF 1.) She asserts her PAGA claim against Motivate based on the theory that Motivate and BlueCrew were her joint employers. (UMF 7-14.) Motivate employees also directly supervised Plaintiff and the other BlueCrew employees assigned to work at BlueCrew. (UMF 40.) Based on the alleged joint employer relationship, Plaintiff claims that Motivate, together with Bluecrew, purportedly failed to provide her and other allegedly aggrieved employees with meal and rest periods and accurate wage statements, and failed to pay all wages owed to them including at termination. (UMF 7-11.)

In a joint employer arrangement, a class of workers cannot bring a lawsuit against a staffing company, settle that lawsuit, and then bring identical claims against the client company where they had been placed to work. *Castillo v. Glenair, Inc.* 23 Cal. App. 5th 262, 266 (2018) (as modified on denial of reh'g). In *Castillo*, the prior *Gomez* class action settlement release involving the staffing agency, GCA, defined "Released Parties" to include GCA and its "agents." *Id* at 269. The Court of Appeal found that the client company, Glenair, was an agent for GCA, and therefore Glenair was a released party under the *Gomez* settlement agreement. *Id.* at 281.

Here, the *Alvarado/Cho* settlement agreement specifically defined Released Parties to include BlueCrew and its joint employers. Because Motivate is clearly a "joint employer," as Plaintiff has alleged in her Complaint and throughout this action, it is a released party under the *Alvarado/Cho* settlement. Thus, Plaintiff cannot pursue her PAGA claim against Motivate because those claims have been released.

Courts, including this one, have routinely approved PAGA settlements that include third parties such as joint employers in the definition of "released parties." *See Emetoh v. FedEx Freight, Inc.*, 2020

WL 6216763 (N.D. Cal. 2020), at *11 ("Released Parties" under the approved PAGA settlement agreement is defined as "Defendant, its…third-party staffing agencies, and any individual or entity would could be jointly liable with Defendant."); *Toolajian v. Air Methods Corporation*, 2020 WL 8674094, at * 3, fn. 9 (N.D. Cal. 2020) (court approves PAGA settlement where "Released Parties" includes "joint employer" and any "individual or entity which could be jointly liable with Defendant"); *Mortley v. Express Pipe and Supply*, 2019 WL 13030315 (C.D. 2019), at *3 (court approves PAGA settlement where "Released Parties" included Defendants and "any and all third-party staffing agencies, if any"). In class actions, the inclusion of third-party staffing companies in the definition of the "released parties" does not "undermine the fairness of the settlement." *Negrete v. ConAgra Foods, Inc.*, 2021 WL 4202519, at *8, fn. 10, (C.D. Cal. 2021) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006)). And based on the settlement approvals cited above, the same is clearly true of PAGA settlements.

Since Motivate is a released party under the *Alvarado/Cho* settlement, and Plaintiff's PAGA claim is completely released by that settlement, her PAGA claim against Motivate necessarily fails. There is no genuine dispute of as to any material fact and, accordingly, summary judgment is appropriate as to Plaintiff's PAGA claim.

### B. Plaintiff's PAGA Claim Is Also Barred By *Res Judicata* or Claim Preclusion

The doctrine of *res judicata* precludes parties or their privies from re-litigating an issue that has been finally determined by a court of competent jurisdiction. *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1162 (2002). *Res judicata*, or claim preclusion, applies when "three requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action involves substantively the same claims or causes of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding." *Raquedan v. Centerplate of Del. Inc.*, 2018 WL 3368820, at *5 (N.D. Cal. July 10, 2018).

In the context of PAGA claims, the doctrine of claim preclusion bars re-litigation of a claim for civil penalties based on the Labor Code violations alleged and resolved in a prior PAGA action. *Robinson*, 53 Cal. App. 5th at 483. Because an aggrieved employee's action under PAGA "functions as a substitute for an action brought by the government itself, a judgment in that action binds all those, including nonparty aggrieved employees who would be bound by a judgment in an action brought by the

11

government." *Arias*, 46 Cal. 4th at 986. Thus, the doctrine of claim preclusion bars re-litigation of the PAGA claim for civil penalties that was resolved in *Alvarado/Cho*.

### 1. The Claims/Causes of Action In The *Alvarado/Cho* Action And Plaintiff's PAGA Claim Are the Same

As demonstrated above, the released claims in the *Alvarado/Cho* settlement include every single one of the California Labor Code claims for which Plaintiff seeks PAGA penalties here. (UMF 9-11, 25-28.). "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the 'primary rights' theory." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 788-89 (2010) (internal quotations and citation omitted). The "determinative factor" in the primary rights analysis is the "harm suffered." *Id.* "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).

Here, the undisputed facts show that the claims at issue in the *Alvarado/Cho* case implicate the same primary right as Plaintiff's PAGA claims. (UMF 9-11, 25-28.) The claims in both cases involve wage-related Labor Code claims for the alleged failure to pay wages, failure to provide meal and rest periods, and failure to provide accurate, itemized wage statements, based on allegations of the same Labor Code violations. (UMF 9-11, 15-20, 25-27.) Thus, this element of the three-part test has been satisfied.

### 2. The *Alvarado/Cho* Settlement Is A Final Judgment On The Merits

The entering of the order approving the *Alvarado/Cho* settlement is a final judgment that precludes future actions brought by individuals who have been determined to be PAGA members. *Rein v. Providian Fin. Corp.*, 270 F. 3d 895, 903 (9th Cir. 2001) ("A judicially approved settlement agreement is considered a final judgment on the merits."); *Rangel v. PLS Check Cashers of California, Inc.*, 899 F.3d 1106, 1110 (9th Cir. 2018); *Nicholas v. Uber Technologies, Inc.*, 2020 WL 4039382, at *10 (N.D. Cal. 2020); *O'Connor,* 201 F. Supp. 3d at 1133 (confirming that PAGA settlements bind nonparty employees in the same way an adverse PAGA judgment does).

Paragraph 7 of the *Alvarado/Cho* Agreement states that the Parties will present the Settlement Agreement to the Court and will request that the Court issue a Court Approval Order and Judgment,…, approving and incorporating by reference the terms and conditions of the Settlement Agreement, dismissing the Action with prejudice, and entering judgment." (UMF 30.)  On November 2, 2021, the Los Angeles Superior Court entered a Notice of Entry of Order Approving PAGA Settlement Agreement in the *Alvarado/Cho* Action, pursuant to Labor Code Section 2699(l)(1). (UMF 31.)  Therefore, the state court's order is a final judgment that precludes Plaintiff from pursuing her PAGA claim.

### 3. BlueCrew And Motivate Are In Privity With Regard to Plaintiff's PAGA Claim

*Castillo* notes that the concept of privity has expanded over the years and today "involves a practical analysis." *Castillo,* 23 Cal. App. 5th at 279. The court cited *Cal Sierra Development, Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663 (2017), for the principle that rather than focusing on the relationship between the parties, privity "deals with a person's relationship to the subject matter of the litigation." *Id.* at 277. In *Castillo*, the Court found that because Glenair (the client company) was authorized by GCA (the staffing company) and was responsible for recording, reviewing and transmitting the time records to GCA, the two parties were in privity because the interests of the two entities were "so intertwined as to put Glenair and GCA in the same relationship to the litigation here." *Id.* at 280.[3]  The Court also found public policy favors the application of *res judicata*. Otherwise, if the Castillos were permitted to pursue their causes of action, they would undermine the finality of the prior bargained-for and court-approved *Gomez* settlement, waste judicial resources, and potentially obtain a double recovery on their already-settled claims. *Id*. at 287.

As noted, the subject matter of this litigation is exactly the same as the subject matter of the *Alvarado/Cho* settlement. Both cases involve the same Labor Code wage and hour claims arising from work performed by the same BlueCrew employees. BlueCrew and Motivate share the same relationship to

---

[3] Compare *Grande v. Eisenhower Medical Center*, 44 Cal. App. 5th 1147, 1159-1163 (2020), where the court did not find privity between a staffing agency and a client company, a hospital. However, notably the Court *did* find that if the settlement release in the first action included "joint employers" as released parties, as it does here, the hospital would have been a released party under the prior settlement agreement and the subsequent claim would have been barred. *Id*. at 1163-1167.

13

Plaintiff's claims here. This is one reason the *Alvarado/Cho* settlement release covers joint employers such as Motivate. (UMF 38, 42, 50.)

In addition, both BlueCrew and Motivate were responsible for complying with the Labor Code as to BlueCrew's employees, and agreed to share responsibility for complying with the employment laws. (UMF 38, 42, 50.) Motivate's on-site managers would ensure that those BlueCrew employees scheduled to work showed up for work. (UMF 44.). If an employee on the schedule did not show up, then managers would check the schedule, confirm employees were scheduled to work, and if so, check to make sure they were clocked in. (UMF 45.) This review would typically happen within a couple hours of the shift start. (UMF 46.) If a BlueCrew employee was clocked in but was not seen for the rest of the day, or never reported to work, Motivate managers would typically communicate this information to BlueCrew. (UMF 47-48.) Motivate was also responsible for ensuring compliance with all state laws regarding meal and rest breaks as to BlueCrew employees. (UMF 50.) Motivate managers called out the lunch breaks and would walk through the depot to make sure everyone was taking their meal breaks. (UMF 51.) Motivate managers also reminded employees to take their rest breaks. (UMF 52.) Finally, Motivate and BlueCrew agreed to cooperate for purposes of compliance with all federal, state, and local statutory and regulatory requirements as to the BlueCrew employees assigned to work at Motivate. (UMF 42.) Motivate was also obligated to not knowingly permit BlueCrew employees to perform any off the clock work. (UMF 53.)

Therefore, with respect to Plaintiff's wage and hour claims, the interests of BlueCrew and Motivate are intertwined in a way that puts BlueCrew and Motivate in the same relationship to the litigation here. Even Plaintiff alleges that she was jointly employed by BlueCrew and Motivate, and that they were agents of each other. (UMF 12-14.) The subject matter of the litigation directly implicates the close relationship between BlueCrew and Motivate with respect to the payment of wages, the provision of meal and rest breaks, and compliance with the Labor Code. Thus, Motivate and BlueCrew are in privity for purposes of this case.

In sum, the three requirements of *res judicata*/claim preclusion are met here, thereby providing a second, additional ground for granting this motion.

## VI. CONCLUSION

For the above reasons, Motivate respectfully requests that this Court issue an order granting Motivate summary judgment on Plaintiff's PAGA cause of action. This motion should be granted if the Court finds Plaintiff's PAGA claim is barred as a matter of law under either of the two grounds presented, namely the *Alvarado/Cho* PAGA settlement or the doctrine of *res judicata* / claim preclusion.

DATED: April 8, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Michael J. Burns
Eric E. Hill
Claire Y. Chang

Attorneys for Defendant
MOTIVATE LLC